UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PETER MCNALLY, 09-B-3214,                           DECISION[1]
                                                      and
                 Petitioner,                        ORDER
        v.                                          -------------------------------
                                                    REPORT
MR. PATRICK O'FLYNN,[2]                              and
                                                    RECOMMENDATION
                 Respondent.                        09-CV-621S(F)
_____

APPEARANCES:         PETER MCNALLY, *Pro Se*
                     09-B-3214
                     Mid-State Correctional Facility
                     Box 2500
                     Marcy, New York 13403

                     LORETTA S. COURTNEY
                     Assistant District Attorney, of Counsel
                     MONROE COUNTY DISTRICT ATTORNEY'S OFFICE
                     Attorney for Respondent
                     47 South Fitzhugh Street
                     Rochester, New York 16414

---

[1] Although Plaintiff's motions for summary judgment and motions for judgment by default are dispositive, whereas Plaintiff's eleven additional motions are nondispositive, the court addresses all fifteen motions in this combined Decision and Order/Report and Recommendation in the interest of judicial economy.

[2] Petitioner has named as his respondent, Patrick O'Flynn, who was apparently the jail superintendent in custody of Petitioner when he filed this action. However, given that Petitioner is now incarcerated in the Mid-State Correctional Facility, the correct respondent therefore would be the Superintendent of the Mid-State Correctional Facility. 28 U.S.C. § 2243. In light of Petitioner's pro se status and the fact that this in no way will prejudice Respondent, and in the interests of court efficiency, the Court will deem the Petition amended to change the name of Respondent to Superintendent of the Mid-State Correctional Facility. The Clerk of the Court is directed to terminate Patrick O'Flynn as Respondent, add Superintendent of the Mid-State Correctional Facility as the new Respondent, and revise the caption of this action accordingly.

**JURISDICTION**

This action was referred to the undersigned by Honorable William J. Skretny on November 19, 2009, for all proceedings necessary to determination of the factual and legal issues pretrial matters, and to prepare and submit a report and recommendation containing findings of fact, conclusions of law and a recommended disposition of the case. The matter is presently before the court on Petitioner Peter McNally's ("Petitioner") motions to amend/correct the case caption (Doc. 4), to appoint counsel (Doc. No. 5 and Doc. No. 19), to appoint an investigator (Doc. No. 6 and Doc. No. 25), for a stay (Doc. No. 7), for a change of venue and a stay of prosecution (Doc. No. 8), to produce and for a time extension (Doc. No. 9), for proper context to be added (Doc. No. 10), for a jury trial (Doc. No. 18), for summary judgment (Doc. No. 20 and Doc. No. 27), for judgment by default (Doc. No. 21 and Doc. No. 26) and to dismiss all charges (Doc. No. 24).

**BACKGROUND**

Petitioner, commenced this habeas corpus action pursuant to 28 U.S.C. § 2254 on July 7, 2009 (Doc. No. 1), and applied for leave to file *in forma pauperis* (Doc. No. 2). By Order filed July 17, 2009 ("July 17 Order") (Doc. No. 3), the Honorable Richard J. Arcara granted his motion for leave to file as a poor person, and directed the Respondent to file and serve an answer to the petition and memorandum of law by no

later than August 31, 2009). Respondent moved for an extension of time to answer (Doc. No. 12)[3] and the answer was filed thereafter on October 30, 2009 (Doc. No. 17).

Petitioner's motions, enumerated above, were filed with the Clerk of the Court both before and after the filing of the Respondent's answer. Seven motions were filed in July/August, 2009 (Docket Nos. 4-10), followed by another four motions in both November, 2009 (Docket Nos. 18-21), and February, 2010 (Docket Nos. 24-27). The record contains no Affirmations of Service indicating that Petitioner served Respondent with any of the motions before the Court, as enumerated above, nor has Petitioner otherwise averred to having served a copy of his motions on the Respondent. As a result, Respondent has filed no responses to any of Petitioner's motions.

For reasons explained below, the Court determines that Petitioner's Motion for a Jury Trial must be DISMISSED with prejudice, that his Motion to Amend, Motions to Appoint Counsel, Motions to Appoint Investigator, Motion for a Stay, Motion to Change Venue, Motion to Produce, Motion for Proper Context, and Motion to Dismiss must be DISMISSED without prejudice, that his Motions for Judgment by Default should be dismissed with prejudice, and his Motions for Summary Judgment should be DISMISSED without prejudice.

## **DISCUSSION**

All parties, including those proceeding *pro se*, are required to comply with the Federal Rules of Civil Procedure. *See McDonald v. Head Criminal Court Supervisor*

---

[3]Respondent's timely motion seeking an extension of time to file the answer was rendered moot by the filing of the answer and is therefore DISMISSED.

3

*Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (all litigants, including those proceeding *pro se*, are obligated to comply with court orders and the Federal Rules of Civil Procedure); *see* Local Rules Civil Procedure, WDNY, Rule 5.2(e) ("It is the responsibility of all *pro se* litigants to become familiarity with, to follow, and to comply with the Federal Rules of Civil Procedure . . .."). The Federal Rules of Civil Procedure apply to cases arising under 28 U.S.C. § 2254 through Rule 12 of the Rules Governing Section 2254 Cases, which provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12 of the Rules Governing Section 2254 Cases.

As relevant to the instant case, Fed. R. Civ. P. 5(a)(1)(D) requires that service "on every party" of, *inter alia*, "a written motion, except one that may be heard *ex parte*. . .." Until served, a pleading or motion has no effect. *See International Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977) (amended complaint remains inchoate until served pursuant to Fed. R. Civ. P. 5(a)), *cert. denied*, 434 U.S. 1014 (1978).

In the instant case, because Petitioner failed to serve the Respondent with the motions enumerated above, Petitioner's motions to amend, to appoint counsel, to appoint an investigator, to obtain a stay, to change venue, to produce, for a proper context and to dismiss are DISMISSED without prejudice. Petitioner's motions for summary judgment should be DISMISSED without prejudice.

Regardless of Petitioner's failure to serve Respondent, in the interest of judicial economy, Petitioner's motion for a jury trial must be DISMISSED with prejudice. A petitioner is not entitled to a jury trial in a habeas action. Title 28 U.S.C. § 2243

4

provides that in a habeas proceeding "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."; *see also* *Sigler v. Parker*, 396 U.S. 482, 486, n. 1 (1970) (Douglas, J., dissenting) ("The rule that there is no right to jury trial in habeas corpus cases has been codified in the federal statute, 28 U.S.C. § 2243: 'The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.'"). Thus, this request is DISMISSED.

Petitioner's motions for default judgment (Doc. No. 21 and Doc. No. 26) should be DISMISSED with prejudice. Petitioner's request for default judgment is based upon the Respondent's failure to file an answer to the Petition by August 31, 2009, as directed by the July 17 Order. While Respondent did not file an answer by August 31, 2009, Respondent filed on that date a Motion for an Extension of Time to Answer (Doc. No. 12) requesting that Respondent be given an additional sixty days to file his answer. Respondent subsequently filed his answer sixty days later (October 30, 2009), prior to the filing of Petitioner's motion for default judgment. Even if the Court were to determine that Respondent was in default for failure to timely file his responsive pleading, relevant Second Circuit precedent precludes the Court from granting a habeas petitioner's motion for default judgment based on respondent's failure to file his answer on time. *See Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.) (stating that in the context of habeas petitions, entry of default judgment is not warranted unless the petitioner establishes "a claim or right to relief by evidence satisfactory to the court"), *cert. denied*, 469 U.S. 874 (1984). Thus, this motion should be DENIED irrespective of Petitioner's failure to serve it on Respondent.

5

As explained above, all but two of Petitioner's eleven motions are being dismissed or should be dismissed without prejudice because of his failure to effect proper service upon the Respondent, meaning that Petitioner can refile one or more of those motions if he complies with the service requirement of Fed.R.Civ.P. 5(a)(1)(D). Several of Petitioner's motions, such as his motions for the appointment of counsel (Doc. No. 5 and Doc. No. 19), simply assert his request for certain relief without providing any basis for the relief requested in the form of a supporting Affidavit or explanatory statement in the motion itself. *See* Pro Se Litigation Guidelines, United States District Court, Western District of New York, at 11-13 (discussing the documents to be submitted in support of a motion, including an affidavit explaining the basis for the requested relief). Several other motions request relief the relevance or propriety of which in a habeas corpus proceeding is not readily apparent, or which appears to be irrelevant to the 2004 conviction in the New York State Supreme Court, Monroe County conviction that the petition is seeking to challenge. *See, e.g.*, Petitioner's Motion for a Stay of Prosecution, Doc. No. 8, at 3 (requesting that three New York State indictments, two issued in Monroe County and a third issued in Wayne County, be stayed). Any relief Petitioner wishes to direct to pending criminal matters should be directed to the state courts with jurisdiction over the matters.

Petitioner is advised that any motions that he may seek to file in the future should clearly state the basis for the relief he is asking the Court to grant, include a Notice of Motion and Affidavit in support of the motion, and be accompanied by an Affidavit or Affirmation of Service averring that he has served a copy of the motion

papers on the Respondent. To assist Petitioner in this regard, the Clerk of the Court is directed to provide Petitioner with a copy of the Pro Se Litigation Guidelines.

## **CONCLUSION**

Based upon the foregoing, Petitioner's Motion for a Jury Trial (Doc. No. 18) is DISMISSED with prejudice, and Petitioner's Motion to Amend (Doc. No. 4), Motions to Appoint Counsel (Doc. No. 5 and Doc. No. 19), Motions to Appoint Investigator (Doc. No. 6 and Doc. No. 25), Motion for a Stay (Doc. 7), Motion to Change Venue (Doc. No. 8), Motion to Produce and for a Time Extension (Doc. No. 9), Motion for Proper Context to be Added (Doc. No. 10), and Motion to Dismiss All Charges (Doc. No. 24) are DISMISSED without prejudice.

Further, Petitioner's Motions for Judgment by Default (Doc. No. 21 and Doc. No. 26) should be DISMISSED with prejudice and Petitioner's Motions for Summary Judgment (Doc. No. 20 and Doc. No. 27) should be DISMISSED without prejudice.

Further, that Respondent's Motion for an Extension of Time to Answer (Doc. No. 12) is DISMISSED as moot.

SO ORDERED, as to Petitioner's Motion for a
Jury Trial, Motion to Amend, Motions to Appoint
Counsel, Motions to Appoint Investigator, Motion
for a Stay, Motion to Change Venue, Motion to
Produce, Motion for Proper Context to be Added,
and Motion to Dismiss All Charges, and as to
Respondent's Motion for an Extension of Time
to Answer
/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to Petitioner's
Motions for Judgment by Default and
Petitioner's Motions for Summary Judgment

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: March 10 , 2010
           Buffalo, New York

**PURSUANT TO FED.R.CIV.P. 72(a), ANY NOTICE OF APPEAL OF THIS DECISION AND ORDER MUST BE FILED WITH THE CLERK OF THE COURT WITHIN TEN (14) DAYS OF ENTRY.**

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (14) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Petitioner and the Respondent.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:     March 10, 2010
             Buffalo, New York