UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PETER R. MCNALLY ,
                          Petitioner,

          v.

PATRICK O'FLYNN

                          Respondent.

**REPORT
and
RECOMMENDATION**

**09-CV-0621S(F)**

APPEARANCES:     PETER R. MCNALLY, *Pro Se*
                 8 Ambrose Street
                 Rochester, New York 14608

                 SANDRA DOORLEY
                 MONROE COUNTY DISTRICT ATTORNEY
                 Attorney for Respondent
                 LORETTA S. COURTNEY
                 Assistant District Attorney, of Counsel
                 47 South Fitzhugh Street
                 Rochester, New York 14614

## JURISDICTION

This action was referred to the undersigned by Hon. William M. Skretny on

November 19, 2009 (Doc. No. 22) for preparation of a report and recommendation.

## BACKGROUND

On July 7, 2009, Petitioner Peter McNally ("Petitioner" or "McNally"), proceeding

*pro se*, filed a petition (Doc. No. 1) ("Petition"), commencing this action seeking habeas

corpus relief under 28 U.S.C. § 2254 ("§ 2254"), challenging Petitioner's conviction on

one count of Driving While Intoxicated ("DWI") in state court on October 4, 2004.

Certificate of Incarceration.[1]   Respondent filed a response on October 30, 2009 (Doc.

No. 17), accompanied by a Memorandum of Law (Respondent's Memorandum),

maintaining that Petitioner's petition should be DISMISSED as such petition was

jurisdictionally barred from federal review and, alternatively, that Petitioner's claims of

double jeopardy and ineffective assistance of counsel are without merit.

Based on the following, Petitioner's writ for federal habeas relief should be

DISMISSED.


## FACTS[2] & DISCUSSION

As relevant to the instant petition,[3] on November 8, 2004, Petitioner was

sentenced in Monroe County Court to an indeterminate term of 1 to 3 years on

Petitioner's October 4, 2004 DWI conviction.  Certificate of Incarceration at 2.  On

August 4, 2006, Petitioner was paroled, and received unconditional release from

custody on August 6, 2007.  *Id*.  To invoke federal review of a petition of habeas corpus,

the petitioner seeking relief must be "in custody" as required under 28 U.S.C. § 2255(a)

("§ 2255(a)").  *See United States v. Brilliant*, 274 F.2d 618, 620 (2d Cir. 1960).

Determination of whether a federal habeas petitioner seeking relief is "in custody" is

---

[1] References to ("Certificate of Incarceration") are to the Certificate of Incarceration signed and sealed by the State of New York Department of Correctional Services Elmira Correctional Facility on September 23, 2009, and filed in the state court records.

[2] Taken from the pleadings and papers filed in this proceeding.

[3] On August 15, 2005, Petitioner filed a habeas petition regarding Petitioner's October 4, 2004 conviction, 1:05-cv-00579 (Doc. No. 1), later amended on September 20, 2005 (Doc. No. 7), that was dismissed as untimely and for failure to exhaust state remedies by Hon. Charles J. Siragusa on June 21, 2006 (Doc No. 9).  By letter dated January 8, 2010, filed on May 25, 2010 (Doc. No. 11), Petitioner requested reinstatement of Petitioner's September 20, 2005 Amended Petition (Doc. No. 7), and consolidation of the amended petition with the petition in this action.  As discussed herein, Background, *infra*, at 3, Petitioner's requests for reinstatement and consolidation are moot as Petitioner is no longer in custody for purposes of federal jurisdiction over the instant action.

controlled by the date when the petitioner's sentence is completed, and this prerequisite is met only where the petitioner is in custody at the time a petition is filed pursuant to the judgment or conviction as to which the petitioner seeks relief. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). As Petitioner in this case was unconditionally released from custody on August 6, 2006, based on Petitioner's October 4, 2004 DWI conviction, Certificate of Incarceration at 2, and the Petition was filed on July 7, 2009 (Doc. No. 1), Petitioner was no longer "in custody" at the time the petition was filed, and hence, no jurisdiction is available for review of Petitioner's claims in this court.

Even if, as Respondent suggests, Respondent's Memorandum at 3, Petitioner alleged that Petitioner's enhanced sentence as a second offender on October 15, 2009,[4] for which Petitioner was unconditionally released on December 12, 2012, was based on a flawed earlier conviction, *i.e.*, Petitioner's October 4, 2004 DWI conviction, the Supreme Court has created only one exception that serves to expand federal habeas jurisdiction based on enhanced sentences resulting from prior convictions. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 395 (2001) (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)). Notably, such exception applies only in instances where the lower court failed to appoint counsel in violation of the petitioner's Sixth Amendment right to counsel. Such exception is not applicable in this case because the record establishes the trial court appointed counsel to represent Petitioner during Petitioner's first trial relating to his prior conviction, the October 4, 2004 DWI conviction, which conviction was used to enhance his sentence after conviction as a second offender on October 19, 2009, Doc. No. 1 at 7, and Petitioner's claim for habeas relief

---

[4]Petitioner was convicted of a second DWI offense on October 15, 2009.

does not allege any failure on the part of the lower court to appoint counsel in violation of Petitioner's Sixth Amendment right to counsel.

In sum, Petitioner's Petition was not filed while Petitioner was "in custody" on Petitioner's October 4, 2004 DWI conviction as required under § 2255(a).  No other ground exists to support federal jurisdiction over the Petition, and the Petition should therefore be DISMISSED.

## CONCLUSION

Based on the foregoing, the Petition should be DISMISSED, and the Clerk of the Court should be directed to close the file.  Petitioner fails to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), and no Certificate of Appealability should issue.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      September 2, 2014
            Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that the Report and Recommendation be filed with the Clerk of the

Court.

**ANY OBJECTIONS** to the Report and Recommendation must be filed with the

Clerk of the Court within ten (10) days of service of the Report and Recommendation in

accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of

Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an**

**extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*,

892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of the Report and Recommendation to the attorneys

for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:        September 2, 2014
             Buffalo, New York